IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VISTA PEAK VENTURES, LLC, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | Judge:  Honorable Rodney Gilstrap |
| v. | ) | |
| | ) | |
| GIANTPLUS TECHNOLOGY CO., LTD. | ) | CIVIL ACTIONS NOS. 2:19-CV-00183, |
| | ) | 2:19-CV-00184, |
|     Defendant. | ) | 2:19-CV-00185, |
| | ) | 2:19-CV-00187 |

## DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(5) FOR INSUFFICIENT SERVICE OF PROCESS

**TABLE OF CONTENTS**

I.     INTRODUCTION ........................................................................ 1

II.    STATEMENT OF FACTS ........................................................... 1

III.   LEGAL STANDARD AND BURDEN OF PROOF.................................... 3

IV.   ARGUMENTS ............................................................................ 3

       A.    Service of process effected through direct mail sent by a clerk of the court under Rule 4(f)(2)(C)(ii) is prohibited under Taiwan law ............................................................... 4

       B.    A signed return of service has not been obtained or filed with the court, not meeting the requirements of Rule 4(f)(2)(C)(ii), and offended constitutional due process requirements as well as consituting insufficient service under Taiwan Law .......................................................... 7

       C.    The security guard and the General Administrator were not specifically authorized to accept service...................................... 9

V.    CONCLUSION AND PRAYER FOR RELIEF............................................10

# TABLE OF AUTHORITIES

## Cases

*Blue Spike, LLC v. ASUS Comput. Int'l. Inc.,* 6:16-CV-1384-RWS-KNM,  2018 WL 3301705, (E.D. Tex. Feb. 20, 2019) .............................................................................................3, 9

*Carimi v. Royal Caribbean Cruise Line, Inc.* 959 F.2d 1344 (5th Cir. 1992) .......................... 3

*Cosmetech Intern., LLC v. Der Kwei Enter. & Co., Ltd.*, 943 F. Supp. 311 (S.D.N.Y. 1996).. 9

*Fujitsu Ltd. v. Belkin Int'l, Inc.*, 10-CV-03972-LHK,  2011  WL 3903232,  at *3 (N.D. Cal. Sept. 6, 2011) ...................................................................................................................... 5

*Gartin v. Par Pharm. Cos., Inc.,* 289 Fed. Appx. 688 (5th Cir. 2008) .................................... 3

*Hayward v. Douglas,* No. 07-72-FJP-DLD, 2010 WL 128320................................................ 3

*Intelligender, LLC v. Soriano,* No. 2:10-cv-125-JRG,  2012 U.S. Dist. LEXIS 8176 (E.D. Tex. Jan. 24, 2012)...................................................................................................................4, 7

*Kreimerman v. Casa Veerkamp, S.A. de C.V.,* 22 F.3d 634 (5th Cir. 1994)............................ 3

*Lin Liyu, Laisiuluosi Su Taiwan Jingcai Gufen Youxian Gongsi* (林麗玉、來斯布羅斯訴臺灣精彩股份有限公司) [Li-yu Lin and Les v. Taiwan Precision Stock Co. LTD], Zuigao Fayuan (最高法院) [Supreme Court], Minshi (民事) [Civil Division], 101 Tai Shang Zi No. 1360 (101 台上字第 1360 號民事裁定) (2012) (Taiwan) .................................................... 5

*Lisson v. ING Groep N.V.,* 262 F. App'x 567, 569 (5th Cir. 2007) .......................................... 9

*Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306 (1950) ................................... 7

*Nat'l Equipment Rental, Ltd. v. Szukhent*, 375 US 311 (1964) ............................................... 9

*Polargrid LLC v. Videsh Sanchar Nigam Ltd.,* 2006 Dist. LEXIS 17531,  2006 WL 903194, (S.D.N.Y. April 6, 2006)........................................................................................................ 4

*Quinn v. Miller,* 470 Fed. Appx. 321 (5th Cir. 2012) ............................................................. 3

*Sompo Japan Ins. Co. of Am., Inc. v. I-Sheng Elec. Wire & Cable, Co., Ltd.*, CV 07-5984-JFW-PJWx, 2008 WL 11343361,  at *2 (C.D. Cal. Jan. 3, 2008), *order amended on reconsideration*, CV 07-5984-JFW-PJWx, 2008 WL 11342687 (C.D. Cal. Feb. 7, 2008) ...... 6

*Sys. Signs Supplies v. U.S. Dept. of Justice,* 903 F.2d 1011 (5th Cir. 1990) ........................... 3

*Zhuang Lusheng Kanggao Taiwan Gaodeng Fayuan Caiding* (莊祿生抗告臺灣高等法院裁定) [Appeal of Lusheng Zhuang of the Taiwan High Court Decision], Zuigao Fayuan (最高法院) [Supreme Court], Minshi (民事) [Civil Division], 106 Tai Kang Zi No. 820 (106 台抗字第 820 號民事裁定) (2017) (Taiwan)........................................................................7, 8

**Statutes**

35 U.S.C. § 271 ................................................................................................ 1

35 U.S.C. § 281 ................................................................................................ 1

35 U.S.C. § 284 ................................................................................................ 1

35 U.S.C. § 285 ................................................................................................ 1

Federal Rules of Civil Procedure 4(f)(2)(B) ..................................................6, 11

Federal Rules of Civil Procedure 4(f)(2)(C) ....................................................... 4

Federal Rules of Civil Procedure 4(f)(2)(C)(ii) ............................................ 1, 3, 4, 6, 7, 9, 10

Federal Rules of Civil Procedure 4(h)................................................................. 9

Federal Rules of Civil Procedure 4(h)(2) .........................................................1, 6

Federal Rules of Civil Procedure 12(b)(5) ............................................... 1, 3, 10

Minshi Susong Fa (民事訴訟法) [Code of Civil Procedure] Article 123 (promulgated Feb. 1, 1935, effective Jul. 1, 1935, as amended Nov. 28, 2017) (Taiwan) ....................................... 4

Minshi Susong Fa (民事訴訟法) [Code of Civil Procedure] Article 124 (promulgated Feb. 1, 1935, effective Jul. 1, 1935, as amended Nov. 28, 2017) (Taiwan) ....................................... 4

Minshi Susong Fa (民事訴訟法) [Code of Civil Procedure] Article 131 (promulgated Feb. 1, 1935, effective Jul. 1, 1935, as amended Nov. 28, 2017) (Taiwan) ....................................... 9

Minshi Susong Fa (民事訴訟法) [Code of Civil Procedure] Article 137 (promulgated Feb. 1, 1935, effective Jul. 1, 1935, as amended Nov. 28, 2017) (Taiwan) ......................................10

Minshi Susong Fa (民事訴訟法) [Code of Civil Procedure] Article 141(2) (promulgated Feb. 1, 1935, effective Jul. 1, 1935, as amended Nov. 28, 2017) (Taiwan)..................................7, 8

Minshi Susong Fa (民事訴訟法) [Code of Civil Procedure] Article 402(A)(2) (promulgated Feb. 1, 1935, effective Jul. 1, 1935, as amended Nov. 28, 2017) (Taiwan) ............................ 5

**Other Authorities**

5B Wright & Miller, Federal Practice and Procedure § 1353 ................................................. 3

United States Department of State Website, *Preparation of Letters Rogatory* ...................... 5

Defendant Giantplus Technology Co., LTD ("Defendant") hereby files this motion pursuant to Federal Rule of Civil Procedure 12(b)(5) on the grounds of insufficient service of process by Plaintiff Vista Peak Ventures, LLC ("Plaintiff") on the Defendant, who is located in the Republic of China, otherwise known as Taiwan. Defendant requests an oral hearing on this motion.

## I.    INTRODUCTION

The Defendant is a resident of Taiwan. It provides displays and other technology for diverse applications involving GPS navigation, home appliances, automotive functions, and more. The Plaintiff filed a complaint alleging patent infringement by the Defendant. In attempting to serve the complaint on the Defendant at its headquarters in Taiwan, the Plaintiff utilized a method of service that is invalid and prohibited under Taiwan law, and therefore considered defective under the laws of the United States and the Federal Rules of Civil Procedure. To protect the Defendant's due process rights, it now brings this motion under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.

## II.    STATEMENT OF FACTS

On May 23, 2019, the Plaintiff filed a complaint against the Defendant alleging several patent violations under 35 U.S.C. §§ 271, 281 and 284-285. *See* Pl.'s Compl. at 3 (ECF No. 1). On May 30, 2019, a summons was issued to the Defendant. Summons (ECF No. 13). On the same day, an affidavit was filed by Daniel F. Olejko requesting a clerk to serve the Defendant pursuant to Fed. R. Civ. P. 4(f)(2)(C)(ii) and 4(h)(2). Affidavit ¶ 1 (ECF No. 14). The Clerk of the Court in the United States District Court for the Eastern District of Texas (Marshall Division) then proceeded to send service to the Defendant's address in Taiwan.

On June 10, 2019, a security guard at the Defendant's address received an EMS delivery of several packages and letters from various parts of the world, and upon receipt,

affixed a single receipt listing each and every package and letter received that day with a stamp that stated "Mail Received".  *See* Stamped EMS Receipt Dated June 10, 2019 ("Exhibit A").  Contained in the several letters and packages received on June 10th was the package sent by the Clerk of the Court containing the summons and notice of the current action.  The security guard did not stamp a receipt or sign a receipt of acknowledgement specifically related to the package sent by the Clerk of the Court, and instead the receipt he stamped was with respect to each and every package and letter received that day and only contained the general stamp used by the Defendant that only acknowledges simple receipt of a bulk collection of mail.

Upon receiving the mail, the security guard provided all letters and packages to the Defendant's General Administrator.  The General Administrator is not a management-level personnel.  Once received, the General Administrator sorts the mail, identifies the person or department it is addressed to, and forwards the letter or package to that department or person. It is the Defendant's general practice that if a letter is not addressed to a specific individual or department of the Defendant, then the General Administrator will return that letter or package to the sender.  After receiving the mail from the security guard, the General Administrator noticed that one of the several pieces of mail was sent from the Clerk of the Court of the U.S. District Court of the Eastern District of Texas, however, that letter did not identify any specific individual or department of the Defendant.  *See* Copy of EMS Shipping Label Document ("Exhibit B").  Upon noticing the deficiency in the letter, the General Administrator followed the Defendant's general practice and returned the letter to the sender the next day on June 11th.  *See* Receipt of Return of Mail to Sender ("Exhibit C").  The letter sent by the Clerk of the Court never reached a manager or anyone within the Defendant's corporate structure that would have been authorized to accept service from a foreign court.

2

### III.    LEGAL STANDARD AND BURDEN OF PROOF

Service on a Taiwan corporation, where Taiwan is not a party to the Hague Convention on Service of Process, must be performed by a method reasonably calculated to give notice, as prescribed by and not prohibited under Taiwan law. *See Blue Spike, LLC v. ASUS Comput. Int'l. Inc.,* 6:16-CV-1384-RWS-KNM, 2018 WL 3301705, at *4 (E.D. Tex. Feb. 20, 2019). A motion brought under Rule 12(b)(5) is the proper way to challenge "the mode of delivery" of the summons and complaint. 5B Wright & Miller, Federal Practice and Procedure § 1353. A federal district court is authorized to dismiss a civil action or quash service for insufficient service of process. Fed. R. Civ. P. 12(b)(5); *see also Kreimerman v. Casa Veerkamp, S.A. de C.V.,* 22 F.3d 634, 645 (5th Cir. 1994). A movant may also request that such action be dismissed or that such service be quashed. *Gartin v. Par Pharm. Cos., Inc.,* 289 Fed. Appx. 688, 691-692 (5th Cir. 2008); *see also* 5B Wright & Miller, Federal Practice and Procedure § 1353. The plaintiff, i.e. the party making service, will bear the burden of proof in demonstrating the validity of service when a defendant has filed a Rule 12(b)(5) motion contesting the sufficiency of service of process. *Quinn v. Miller,* 470 Fed. Appx. 321, 323 (5th Cir. 2012); *see also Carimi v. Royal Caribbean Cruise Line, Inc.* 959 F.2d 1344, 1346 (5th Cir. 1992); *see also Hayward v. Douglas,* No. 07-72-FJP-DLD, 2010 WL 128320, at *1 (citing *Sys. Signs Supplies v. U.S. Dept. of Justice,* 903 F.2d 1011 (5th Cir. 1990).

### IV.    ARGUMENTS

Plaintiff's method of service pursuant to Rule 4(f)(2)(C)(ii) is insufficient because it is prohibited and invalid under Taiwan law. Notions of due process and the purposes of proper service and asserting jurisdiction over the Defendant would be infringed if service has been, in this case, deemed as valid. To preserve the Defendant's rights in the U.S., consideration must be given to whether service in this case is contrary to Taiwan law, whether proper proof

of service has been provided, and whether the individuals served on behalf of the Defendant were properly and actually authorized to accept service.

### A.     Service of process effected through direct mail sent by a clerk of the court under Rule 4(f)(2)(C)(ii) is prohibited under Taiwan law

Fed. R. Civ. P 4(f)(2)(C)(ii) allows for, when there is no internationally agreed upon means, service through a method reasonably calculated to give notice: "...*unless prohibited by the foreign country's law*, by...using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt." Fed. R. Civ. P. 4(f)(2)(C)(ii) (emphasis added). This has been further confirmed by this Court, in stating that Rule 4(f)(2)(C) is interpreted to refer to determining whether the foreign law expressly prohibits the method of service. *See Intelligender, LLC v. Soriano,* No. 2:10-cv-125-JRG, 2012 U.S. Dist. LEXIS 8176, at *4 (E.D. Tex. Jan. 24, 2012) (citing *Polargrid LLC v. Videsh Sanchar Nigam Ltd.,* 2006 Dist. LEXIS 17531, 2006 WL 903194, *6-7 (S.D.N.Y. April 6, 2006) ("[T]he method of service specified in that rule is acceptable so long as such service does not actually *violate* the law of the country where service is attempted."). Therefore, it is critical to examine Taiwan law and determine whether Taiwan law prohibits the form of service in the present case. Based on the Defendant's analysis of Taiwan law, service in this case does violate the laws of Taiwan.

The Taiwan Code of Civil Procedure Articles 123 and 124 states that service of process is to be administered by "the court clerk" and may be sent through post. Minshi Susong Fa (民事訴訟法) [Taiwan Code of Civil Procedure] Arts. 123 and 124 (promulgated Feb. 1, 1935, effective Jul. 1, 1935, as amended Nov. 28, 2017) (Taiwan). The term "court clerk" under Taiwan law has been interpreted by Taiwan attorneys as referring to the court clerk of a domestic Taiwan court, and does not refer to a court clerk of a non-Taiwan court. Declaration of Szu-Yun, Lin ¶ 7. Generally, a Taiwan court clerk may only effectuate service of a foreign court document when instructed by the Taiwan court through proper international

judicial assistance channels such as a letter rogatory or letter of request from a foreign court. *Id*. ¶ 9. Taiwan's Supreme Court has confirmed this point, stating that a) proper service of a foreign court summons can only be made through international judicial cooperation procedures; b) ***Taiwan law prohibits a foreign court or its court clerk to directly mail a summons directly to a Taiwan based defendant***, and c) service through such means would be considered invalid under Taiwan law. *Lin Liyu, Laisibuluosi Su Taiwan Jingcai Gufen youxian Gongsi* (林麗玉、萊斯布羅斯訴臺灣精彩股份有限公司) [Li-Yu Lin and Les v. Taiwan Precision Stock Co. LTD)*, Zuigao Fayuan* (最高法院) [Supreme Court], Minshi (民事) [Civil Division], 101 Tai Shang Zi No. 1360 (101 台上字第 1360 號民事裁定) (2012) (Taiwan); *see also* Declaration of Szu-Yun, Lin ¶¶ 4, 5, and 8. Moreover, effecting service through direct mail sent by a foreign court clerk would also cause any judgment stemming from that foreign court to be invalid and unenforceable in Taiwan, thereby further confirming the prohibition of such service method under Taiwan law. *See* Minshi Susong Fa (民事訴訟法) [Taiwan Code of Civil Procedure] Art. 402(A)(2) (promulgated Feb. 1, 1935, effective Jul. 1, 1935, as amended Nov. 28, 2017) (Taiwan). Finally, any service documents including an official letter rogatory or letter of request must be translated into the country's target language. *See* U.S Department of State*, Preparation of Letters Rogatory*, available at https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/obtaining-evidence/Preparation-Letters-Rogatory.html; *see also Fujitsu Ltd. v. Belkin Int'l, Inc.*, 10-CV-03972-LHK, 2011 WL 3903232, at *3 (N.D. Cal. Sept. 6, 2011) (finding service to be proper where complaint, summons, and other documents served were in *English and Mandarin Chinese* (emphasis added)).

Therefore, Taiwan law expressly prohibits service through mail directly to a defendant in Taiwan by a clerk of a U.S. court, and any service of process of a foreign court document, including a summons, must be done through a local Taiwan court clerk pursuant to

a letter rogatory or letter of request. In fact, this position has further been confirmed by courts in the United States. *See Sompo Japan Ins. Co. of Am., Inc. v. I-Sheng Elec. Wire & Cable, Co., Ltd.*, CV 07-5984-JFW-PJWx, 2008 WL 11343361, at *2 (C.D. Cal. Jan. 3, 2008), *order amended on reconsideration*, CV 07-5984-JFW-PJWx, 2008 WL 11342687 (C.D. Cal. Feb. 7, 2008) ("Accordingly, under Rule 4(f)(2), the proper method to effectuate service in Taiwan is through the letter rogatory procedure" and "Plaintiff's evidence indicates that Taiwan would not recognize service by registered mail as proper. The mandatory language employed in the relevant Taiwanese statute impliedly, if not expressly, prohibits service by any other means.").

In the present case, the Clerk of the Court for the US District Court of the Eastern District of Texas (Marshall Division) directly mailed a summons to the Defendant at its address in Taiwan. Such action is expressly prohibited under Taiwan law as confirmed by Taiwan Supreme Court precedent, and therefore contrary to the requirements of Rule 4(f)(2)(C)(ii). Additionally, the fact that the U.S. Department of State website mentions mail as a method of serving an individual or corporation in Taiwan does not mean that such method is not prohibited or would be sufficient based on the complexities and prohibitions under Taiwan law. The only proper method of service would be under Rule 4(f)(2)(B), which would require the Court to send a letter rogatory or letter of request to compel a Taiwan court to instruct the local court clerk to serve the foreign court summons on the Defendant. Based on the interpretations of Taiwan law and the facts of this case, the Plaintiff's service under Rule 4(f)(2)(C)(ii) and Rule 4(h)(2) is insufficient and contrary to Taiwan law, and therefore the complaint must be dismissed or service ordered to be quashed.

**B.     A signed return of service has not been obtained or filed with the court, not meeting the requirements of Rule 4(f)(2)(C)(ii) and offended constitutional due process requirements as well as insufficient service under Taiwan Law**

The due process requirements of service requires that, given all circumstances, notice be reasonably calculated to provide notice to parties of the pendency of an action and afford them an opportunity to present their objections.  *See Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950).  Rule 4(f)(2)(C)(ii) requires service to be made by any form of mail that *requires a signed receipt.*  Fed. R. Civ. Pro. 4(f)(2)(C)(ii) (emphasis added).  Furthermore, this court in the *Intelligender* opinion, when arguing that rule 4(f)(2)(C)(ii) allows service via any form of mail including  Federal Express, also mentioned that it "permits service via any form of *signed receipt mail*." *Intelligender, LLC*, at *3 (emphasis added).  The signed receipt should be specifically for that service document so as to satisfy this requirement.

Additionally,  Taiwan law requires a personalized signature, stamp, or fingerprint on the document and receipt specific to the service documents.  *See* Minshi Susong Fa (民事訴訟法) [Taiwan Code of Civil Procedure] Art. 141(2) (promulgated Feb. 1, 1935, effective Jul. 1, 1935, as amended Nov. 28, 2017) (Taiwan).  This requirement is further confirmed and elaborated by the Taiwan Supreme Court.  The Taiwan Supreme Court stated that when an employee of a defendant company receives service on behalf of the company, a specific receipt for such service documents must be signed, stamped, or fingerprinted to confirm that the document was received and who received that document.  *Zhuang Lusheng Kanggao Taiwan Gaodeng Fayuan Caiding* (莊祿生抗告臺灣高等法院裁定) [Appeal of Lusheng Zhuang of the Taiwan High Court Decision], Zuigao Fayuan (最高法院) [Supreme Court], Minshi (民事) [Civil Division],  106 Tai Kang Zi No. 820 (106 台抗字第 820 號民事裁定) (2017) (Taiwan).  Furthermore, the Taiwan Supreme Court elaborated that a generic "Mail

Received" stamp is not sufficient to satisfy the requirements under Article 141(2), and must be more customized to acknowledge receipt of service. *Id*. This interpretation is further confirmed by Taiwanese law practitioners.  *See* Declaration of Szu-Yun, Lin ¶¶ 10 and 11. Therefore, Taiwan law requires such customized and stand-alone receipt acknowledging service, and anything less would be considered insufficient and invalid service under Taiwan law.

In this case, the security guard merely stamped a general receipt acknowledging receipt of all mail for that given day with a generic stamp stating "Mail Received," which simply acknowledged receipt of all mail and not the specific service documents.  Exhibit A. That receipt covers reception of 22 pieces of mail, one of which happened to include the service documents from the court clerk.  *Id*.  Given that the constitutional due process requirement of service is to provide notice "reasonably calculated, under all circumstances, to apprise the interested parties of the pendency of the action," it cannot be said that a bulk receipt of 22 pieces of mail, which inconspicuously contains a package containing vital information on service of a summons, would fulfill this requirement.  Service documents of a pending court action are unique, and such documents must be made clearly and conspicuously to satisfy minimum constitutional due process requirements and adequately notice the defendant of the contents of the package so as to not confuse it with other general mail.  By being served this package at the same time as receiving over 20 other packages and letters, the Defendant's constitutional due process rights were violated, thus causing service in this case to be insufficient.

Furthermore, it cannot be said to have satisfied the signed receipt mail requirement under the Federal Rules and Taiwan law. The receipt was for multiple pieces of mail, and was not a form of "signed receipt mail", where such a signed receipt copy will be provided to the sender upon signature of the receiver.  This is evidenced by the fact that, as of the date of this

8

motion, the Plaintiff still has not filed a proof of service certificate with the court, despite the fact that such proof of service is required under the Federal Rules. *See* Fed. R. Civ. Pro. 4(l)(2)(B). Additionally, the security guard merely stamped a generic stamp stating "Mail Received" and did not identify themselves or place a specific signature, stamp, or fingerprint on the receipt as required by Taiwan law. *See* Exhibit A. Because of this, such service is also insufficient and invalid under Taiwan law.

Because the receipt stamped in this case was not signed specifically with respect to the service documents, included 21 other packages and letters, did not return a signed receipt acknowledging service, was stamped with a generic stamp, and no proof of service certificate has been filed, service is insufficient under Rule 4(f)(2)(C)(ii) and Taiwan law.

### C.   The security guard and the General Administrator were not specifically authorized to accept service

U.S. law has a long tradition of requiring service to be made only on defendants or agents authorized to accept service. *See* Fed. R. Civ. Pro. 4(h); *see generally Nat'l Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 311 (1964). In fact, the Fifth Circuit has held that the subject sought to be served must have "actually authorized another" to accept service of process. *See Blue Spike, LLC v. ASUS Comput. Int'l. Inc.,* 6:16-CV-1384-RWS-KNM, 2018 WL 3301705, at *4 (E.D. Tex. Feb. 20, 2019) (citing *Lisson v. ING Groep N.V.,* 262 F. App'x 567, 569 (5th Cir. 2007)). Additionally, Taiwan law requires that any service on a corporate defendant be addressed and made on a manager of the business. Minshi Susong Fa (民事訴訟法) [Taiwan Code of Civil Procedure] Art. 131 (promulgated Feb. 1, 1935, effective Jul. 1, 1935, as amended Nov. 28, 2017) (Taiwan); *see also Cosmetech Intern., LLC v. Der Kwei Enter. & Co., Ltd.*, 943 F. Supp. 311, 316 (S.D.N.Y. 1996). If a manager cannot be found, then it can be left with an employee of suitable age and discretion. Minshi Susong Fa (民事訴訟法) [Taiwan Code of Civil Procedure] Art. 137 (promulgated Feb. 1, 1935, effective Jul. 1, 1935, as amended Nov. 28, 2017) (Taiwan).

In this case, the security guard initially received the mail, then transferred the mail to the Defendant's General Administrator to sort the mail.  Neither the security guard nor the General Administrator are considered management-level employees and are not actually or specifically authorized to accept service on behalf of the Defendant.  Furthermore, because the court clerk failed to address the specific department or manager for whom service could be accepted, the service was not made to a manager as required under Taiwan law and the Defendant's General Administrator was required to return the service package on June 11. Exhibit C.  Therefore, service was never made on a specifically authorized manager, and the security guard or the General Administrator were not able to properly accept service on behalf of the Defendant.  Because of this, service was never properly accepted or effected on the Defendant, causing service to be insufficient and invalid.

## V.      CONCLUSION AND PRAYER FOR RELIEF

Service attempted in this case under Rule 4(f)(2)(C)(ii) was prohibited by Taiwan law and therefore contrary to Rule 4(f)(2)(C)(ii) itself.  Additionally, a signed receipt was never returned specifically for the service package and only a general receipt was stamped with a generic "Mail Received" stamp, violating requirements under Rule 4(f)(2)(C)(ii), Taiwan law, and minimum constitutional due process requirements.  Finally, service was attempted by delivery upon employees of the Defendant who were not specifically authorized to accept service.  Based on these reasons and arguments above, service made by the Plaintiff was insufficient.

The Defendant respectfully requests the court to:

1. Grant the Defendant's Rule 12(b)(5) motion on insufficient service of process; and

2. Dismiss the Plaintiff's complaint against the Defendant;

    OR, in the alternative

3. Quash service by the Plaintiff and order the Plaintiff serve the Defendant pursuant to Rule 4(f)(2)(B) through a letter rogatory or letter of request, or other method not prohibited under the laws of Taiwan.

Dated this 11th day of July, 2019

Respectfully submitted,

*/s/ Calli Turner*
Calli A. Turner
Texas Bar No. 24088558
cturner@mwe.com
MCDERMOTT WILL & EMERY LLP
2501 N. Harwood, Suite 1900
Dallas, Texas 75201
(214) 295-8056
(972) 232-3098 (facsimile)

Alexander P. Ott
DC Bar No. 1003796 (*pro hac vice* pending)
Aott@mwe.com
MCDERMOTT WILL & EMERY LLP
The McDermott Building
500 North Capitol Street, NW
Washington, DC 20001-1531
(202) 756-8496
(202) 756-8087 (facsimile)

Ya-Chiao Chang
Texas Bar No. 24070992
ychang@mwechinalaw.com
MWE CHINA LAW OFFICES
28th Floor, Jinmao Tower
88 Century Ave.
Shanghai 200121 China
+86 21 6105 0947
+86 21 6105 0501 (facsimile)

Jacob Louis Clark
Michigan Bar No. P81379 (*pro hac vice* pending)
jxclark@mwechinalaw.com
MWE CHINA LAW OFFICES

28th Floor, Jinmao Tower
88 Century Ave.
Shanghai 200121 China
+86 21 6105 0961
+86 21 6105 0501 (facsimile)

ATTORNEYS FOR DEFENDANT MOVANT
GIANTPLUS TECHNOLOGY CO., LTD

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that, on July 11, 2019, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Calli Turner*
Calli Turner