IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VISTA PEAK VENTURES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GIANTPLUS TECHNOLOGY CO., LTD. | ) | CIVIL ACTIONS NOS. 2:19-CV-00183, |
| | ) | 2:19-CV-00184, |
| Defendant. | ) | 2:19-CV-00185, |
| | ) | 2:19-CV-00187 |

**DECLARATION OF Szu-Yun, Lin IN SUPPORT OF GIANTPLUS TECHNOLOGY CO., LTD 12(b)(5) MOTION OF INSUFFICIENT SERVICE OF PROCESS**

**Szu-Yun, Lin** being duly sworn according to law, hereby declares the following:

1. I, **Szu-Yun, Lin**, am a citizen and resident of the Republic of China, otherwise known as Taiwan, and am employed by the defendant Giantplus Technology Co. LTD ("Giantplus") as a Attorney at Law in the Legal Department;

2. I am an attorney qualified to practice law in Taiwan, attorney license (101)Tai Chien Cheng Tzu No. 10110, and provide legal advice on Taiwan legal issues;

3. Over the period of June 21-24, 2019, I conducted legal research and provided professional legal advice concerning various issues of Taiwan law related to service of process of a foreign court to a defendant in Taiwan at the request of the defendant, Giantplus;

4. On a question concerning local case law in Taiwan on service of process, I found and advised that according to Taiwan Supreme Court in the judgement Supreme Court (101) Tai Shang Tzu No. 1360, when a foreign court wishes to conduct a service of summons or other order on a defendant situated in Taiwan, the foreign court must utilize international judicial cooperation procedures, and may not directly mail said summons to Taiwan;

5. Based on this decision by the Taiwan Supreme Court as well as my own legal research and professional legal opinion, under Taiwan law, such service of process through direct mail is prohibited, against the principle of judicial sovereignty, and would not be considered valid service of process;

6. On a question of who may make proper service upon a defendant located in Taiwan, Taiwan Code of Civil Procedure Article 123 requires a "court clerk" to make service upon a defendant in Taiwan;

7. Based on my legal research and legal opinion, the term "court clerk" in Article 123 refers to a local Taiwanese court clerk and not a court clerk of a foreign court, meaning only a local Taiwanese court clerk may serve a summons of a foreign court on a defendant located in Taiwan;

8. Based on these findings as well as my professional legal opinion, service of process on a defendant located in Taiwan made through direct mail sent by a court clerk of a United States District Court is prohibited by Taiwan law, and is considered invalid service of process under Taiwan law;

9. Based on my legal research and professional legal opinion, proper service on a Taiwan defendant can only be made through international judicial assistance channels, such as a letter rogatory, where a foreign court requests a local Taiwan court to have a local Taiwanese court clerk serve notice on a Taiwanese defendant under Article 123 of the Taiwan Code of Civil Procedure;

10. Furthermore, according to the Taiwan Supreme Court in the judgment Supreme Court (106) Tai Kang Tzu No. 820, the Taiwan Code of Civil Procedure Article 141 Paragraph 2 requires that when a court serves process and the recipient of such process is employed by the defendant company, the recipient must sign, stamp or fingerprint the document being served in order to determine who received the document;

11. Based on the Taiwan Supreme Court judgement as well as my legal research and professional legal opinion concerning this issue, merely stamping the document as "Mail Received" is insufficient, and doing so would mean that no valid service of process has been affected;

12. The foregoing statements and legal opinions are declared and made by me in good faith, and are true, accurate and reasonable legal opinions and interpretations of Taiwan law given to the best of my knowledge, information, and belief, and are made subject to the penalty of perjury.

_____
Szu-Yun, Lin
June 25th, 2019

Sworn to and subscribed before me by Szu-Yun, Lin on this day 25th June, 2019.

(SEAL)

108年度桃院民認佳字
案號: 1398  日期: JUN 2 5 2019
Case No.            Date:
本文件之簽名或蓋章，在臺灣桃園地方法院所屬民間公證人蔡佳燕事務所認證。   公證人 蔡佳燕
Attested at the Tsai, Chia-Yen Notary Public Office, Taiwan Taoyuan District Court, R.O.C., that the signature(s)/seal(s) in this document is/are authentic.
Notary Public                Add: No.46 Shoufa Rd, Taoyuan Dist,
                             Taoyuan City, Taiwan,
Tsai, Chia-Yen               TEL:+886-3-3347979